IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No.: 3:12-cv-784

| | |
|---|---|
| CHARLOTTE PLASTIC SURGERY CENTER, P.A., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE REFINE INSTITUTE, P.A., | ) ) |
| Defendant. | ) ) ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c), Fed.R.Civ.P., the parties hereby stipulate to the following protective order, and move the Court for entry hereof:

1. This Protective Order shall apply to all documents, depositions, pleadings, exhibits, and all other material or information subject to discovery in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, trial exhibits, matters in evidence, and any other information used or disclosed at trial, hereafter furnished, directly or indirectly, by or on behalf of any party, non-party, or witness in connection with this Action ("Discovery Material"). It is expressly contemplated and agreed that non-parties may invoke all provisions of this Protective Order that are available to a Producing Party, and that the parties will treat all CONFIDENTIAL MATERIALS (which consists of

"CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" documents and things, as defined below) of non-party witnesses, which information is designated in writing as such, in accordance with the terms of this Protective Order. Notwithstanding the foregoing, documents that are public records shall not be considered to be CONFIDENTIAL MATERIALS.

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who gives testimony or produces documents or other information, and "Receiving Party" shall refer to any individual who receives, is shown, or is exposed to material or information pursuant to this Protective Order.

3. The Producing Party may in good faith designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" depending on the sensitivity of the document or thing.

4. Each Producing Party shall designate documents and things produced by it and all answers to interrogatories and responses to other discovery demands deemed as CONFIDENTIAL MATERIALS with the appropriate designation: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY."

5. Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the Court Reporter taking and transcribing such proceeding to bind separately such portions of the transcript containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY," and to label such portions appropriately. Efforts shall be made to designate that information as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" during the deposition or other proceeding whenever possible, but a party may designate portions of the transcript of depositions or other proceedings as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" after transcription. Upon receipt of each transcript, the entire transcript shall be deemed "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" for a period of twenty-one (21) days, during which time a party may designate specific portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY." After the twenty-one-day period, the entire transcript, except for those portions designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" either during the deposition or other proceeding or during the twenty-one-day period after receipt of the transcript, shall be deemed non-confidential.

6. A party requesting the production of documents for use in this lawsuit from a non-party may provide a copy of this Order to the non-party, so that the non-party will be aware of its rights hereunder. A non-party may adopt the terms of and protection available under this Order by producing its CONFIDENTIAL MATERIALS with the appropriate designation.

7. Making documents and things available for inspection shall not constitute a waiver by the Producing Party of any claim of confidentiality, but delivery of documents and things to the Receiving Party without any identification as specified in paragraphs 4 - 5 shall constitute a waiver of any claim of confidentiality, except where such delivery results from inadvertence or mistake on the part of the Producing Party. Upon notice that CONFIDENTIAL MATERIAL was inadvertently or mistakenly produced, and upon receipt of properly marked documents, the Receiving Party shall return said unmarked documents and things and not retain

copies, summaries or notes thereof and shall treat information contained in said documents and any summaries or notes thereof as CONFIDENTIAL MATERIALS.

8. Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEY'S EYES ONLY" shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. Information designated as CONFIDENTIAL shall be made available only to and inspected only by (a) the parties hereto; (b) outside counsel of record (including stenographic, clerical and paralegal employees of outside counsel) and outside companies engaged by them such as independent copying services, temporary services, professional photographers and/or photographic studios; (c) outside experts or consultants; (d) the Court and its personnel; and (e) Court Reporters used during the course of this litigation and their staff. For purposes of this Order, the term "outside counsel" shall include the law firms of ALICE CARMICHAEL RICHEY, PLLC and ROBERT A. MONATH, ATTORNEY AT LAW, attorneys for Plaintiff and BOLSTER ROGERS & MCKEOWN, LLP, attorneys for Defendant, and any additional counsel in this case who are not employees of any party.

10. Information designated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" may only be disclosed to the persons identified in paragraphs 9 (b), (c), (d), and (e). Each such person other than outside counsel of record (including stenographic, clerical and paralegal employees of outside counsel), the Court, its personnel and Court Reporters and their

staff must execute an undertaking of the form attached as **Exhibit A** before being given access to material designated as "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY."

11. Outside experts or consultants of the parties, including their stenographic and clerical personnel, whose advice and consultation are being or will be used by a party in connection with preparing for depositions or for trial of this action, including any motions in this action, may have access to CONFIDENTIAL MATERIALS provided that the disclosure of such CONFIDENTIAL MATERIALS to such outside experts or consultants shall be made only on condition that each such expert or consultant first sign a Nondisclosure Agreement in the form of **Exhibit A** attached hereto.

12. Copies of CONFIDENTIAL MATERIALS bearing the designation specified in paragraphs 4 or 5, and their contents, shall not be disclosed or made public by counsel or authorized personnel to whom they are disclosed, unless they become part of the public record of this action other than through conduct in breach of this Protective Order, and shall not be disclosed to anyone other than this Court and other persons entitled to access to CONFIDENTIAL MATERIALS under this Protective Order. Unless otherwise agreed to by the parties, CONFIDENTIAL MATERIALS shall not be used by the Receiving Party for any purpose other than for use in this Action. Nothing in this Protective Order shall prohibit the confidential disclosure of any CONFIDENTIAL MATERIALS to comply with an order of a court in an action involving the same subject matter as the present action wherein the order specifically directs the disclosure of such CONFIDENTIAL MATERIALS. Prior to any such disclosure pursuant to a court order, the party required by the court order to disclose the CONFIDENTIAL MATERIALS will provide fourteen (14) calendar days' notice to the party who produced the CONFIDENTIAL MATERIALS, or as much notice as possible pursuant to

the court order, and will identify and provide copies of the CONFIDENTIAL MATERIALS to the party who produced such materials. To the extent it is necessary to file CONFIDENTIAL MATERIALS with the Court in connection with proceedings in this action, they shall be filed either in compliance with any applicable ECF policies and procedures concerning the filing of materials under seal or with the Clerk of Court in sealed envelopes prominently marked with the caption of the case and the notation:

> "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER. TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

13. Nothing in this Protective Order shall require disclosure of material which the Producing Party contends is protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or of material the disclosure of which might constitute a breach of an agreement with a non-party. The parties are expected, however, to act consistent with the Federal Rules of Civil Procedure. Inadvertent production of any document, thing or other information during discovery in this action shall be without prejudice to any claim that such material is privileged in any way or protected from discovery as attorney work-product, and no party or nonparty witness shall be held to have waived any rights by such inadvertent production. The Producing Party shall assert any such privilege or work-product claim promptly upon discovery of its inadvertent production by notifying the recipient of the document of its claim in writing or orally at a deposition or other hearing of record. Upon receipt of such notice, the recipient shall return all copies of the document or information to the Producing Party. Such document or information shall not be introduced into evidence in this or any other proceeding by any person without consent of the Producing Party or by order of the Court, nor will such document or information be subject to production in any other proceeding by virtue of the fact that it was inadvertently produced in this proceeding.

14. CONFIDENTIAL MATERIALS may be used in motion papers, in testimony at trial, or at any motion hearing, and may be offered in evidence at trial or at any motion hearing, all specifically subject to paragraphs 9, 10, 11, 12, and 13 hereof and to any further order regarding confidentiality as this Court may enter, and may be used to prepare for discovery or to conduct discovery, including depositions and including the disclosure of a document to a witness at a deposition or at trial who is an author or copy recipient of such document containing CONFIDENTIAL MATERIALS, or who is an employee or representative of the party providing the CONFIDENTIAL MATERIALS but is not otherwise authorized to receive such disclosure under this agreement, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Protective Order

15. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. A party objecting to the designation of documents or material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall provide fourteen (14) calendar days written notice of the objection to the Producing Party by first class mail prior to seeking intervention of the Court. The notice shall state with specificity the documents or materials objected to. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from the Court. The moving party shall have the burden of demonstrating the need for changing such designation and that the material does not qualify for its particular designation. The filing of such a motion will result in the documents or materials specified in the notice being maintained as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" pursuant to the provisions of this Protective Order pending determination of the matter by the Court or resolution of the matter by the parties.

16. This Protective Order shall not prevent any party or non-party from applying to the Court for relief, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the Court. The parties agree that if either party reasonably believes that certain documents, materials and/or information should require a higher level of confidentiality (e.g., attorneys' eyes only), the parties shall discuss an appropriate amendment to this Protective Order. The Protective Order shall not preclude the parties from enforcing their rights against any other party or any non-party believed to be violating their rights.

17. Restrictions and obligations set forth herein relating to material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall not apply to any information which (i) is already public knowledge, (ii) becomes public knowledge other than as a result of disclosure by the Producing Party, (iii) was already known to the Receiving Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another, or (iv) has come or shall come into the Receiving Party's legitimate possession independently of the Producing Party under conditions such that its use and/or public disclosure by the Receiving Party would not violate some obligation to another. The restrictions and obligations set forth herein shall not prohibit discussions regarding any CONFIDENTIAL MATERIALS with any person who already has legitimate possession thereof under subparagraphs (i) - (iv) hereof.

18. Regardless of the provisions of paragraph 18, any document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" shall be treated as such unless the confidentiality designation is removed in accordance with the other provisions of this Protective Order.

19. After final termination of this action, each Receiving Party shall, unless otherwise instructed, destroy all documents of the Producing Party designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" in its possession, custody or control, and all copies, portions, words, substances, summaries, abstracts or indices thereof (except to the extent that any of the foregoing includes or reflects receiving counsel's work product), and provide verification to counsel for the Producing Party.

20. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Protective Order, the parties may agree to allow such access or any party may move the Court for an Order that such person be given access thereto. In the event that an agreement is reached or the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing a Nondisclosure Agreement in the form of **Exhibit A** attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

21. This Protective Order shall survive the final termination of this action with respect to any retained CONFIDENTIAL MATERIALS.

22. The ultimate disposition of the protective materials shall be subject to a final Order of the Court upon completion of the litigation.

Dated: July 19, 2013

| | |
|---|---|
| **ALICE CARMICHAEL RICHEY, PLLC** | **BOLSTER ROGERS & MCKEOWN, LLP** |
| /s/Alice Carmichael Richey | /s/Jeffrey S. Bolster |
| Alice Carmichael Richey | Jeffrey S. Bolster |
| N.C. Bar No. 13677 | N.C. Bar No. 20868 |
| 2820 Selwyn Avenue, Suite 420 | |
| Charlotte, NC 28209 | /s/Meredith L. Cushing |
| Telephone: 704/366-6331 | Meredith L. Cushing |
| Facsimile: 704/749-9995 | N.C. Bar No. 36217 |
| Email: alice@acrichey.com | 1043 East Morehead Street, Suite 111 |
| | Charlotte, NC 28204 |
| | Telephone: 704/374-4884 |
| **ROBERT A. MONATH ATTORNEY AT LAW** | Facsimile: 704/347-1087 |
| | Email: jbolster@bolsterrogers.com |
| /s/Robert A. Monath | mcushing@bolsterrogers.com |
| Robert A. Monath | *Attorneys for Defendant* |
| N.C. Bar No. 13046 | *The Refine Institute* |
| 328 West Morgan Street | |
| Raleigh, NC 27601 | |
| Telephone: 919/803/1492 | |
| Facsimile: 919/803-1571 | |
| Email: rob@robmonath.com | |
| *Attorneys for Plaintiff* | |
| *Charlotte Plastic Surgery Center, P.A.* | |

It is so ordered.

Signed: July 23, 2013

Graham C. Mullen
United States District Judge

# EXHIBIT A

## NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I have read and am fully familiar with the terms of the *Stipulated Protective Order* dated _____, and entered in *Charlotte Plastic Surgery Center, P.A. v. The Refine Institute, P.A.*, Civil Action No. 3:12-cv-784, pending in the United States District Court for the Western District of North Carolina, and hereby agree to fully comply with and be bound by the terms and conditions of said Order.

_____       _____
Date                                                        Signature

                                                             _____
                                                             Printed Name

                                                             _____
                                                             Address

STATE OF _____

COUNTY OF _____

SWORN TO and subscribed before me this the
_____ day of _____, 20_____.

_____ (SEAL)
Notary Public

My Commission Expires: _____